IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHESTER O'QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2013-RJD |
| | ) | |
| JACQUELINE LASHBROOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Chester O'Quinn, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). On October 4, 2019, Plaintiff settled his claims with the IDOC Defendants. Plaintiff proceeds on the following claims against the remaining defendants:

**Count 1:** Nurse Anderton, Mrs. Mason, Amber Saathoff, Wanda Hill, and Rose Loos were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement while on suicide watch.

**Count 5:** Laura Barron, Nurse Alyssa Wright, Mrs. Mason, Amber Saathoff, Wanda Hill, and Rose Loos were deliberately indifferent under the Eighth Amendment when they failed to properly monitor his insulin while on a hunger strike.

**Count 6:** Amber Saathoff, Wanda Hill, Mrs. Mason, and Rose Loos were deliberately indifferent under the Eighth Amendment when they refused to see Plaintiff upon his release from suicide watch.

Defendants Barron, Hill, Loos, Anderton, Mason, Saathoff, and Wright filed a motion for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit (Doc. 101). Specifically, Defendants contend Plaintiff failed to properly

appeal his November 13, 2016 grievance; Plaintiff failed to properly name or identify Defendants Barron, Hill, Loos, Anderton, or Wright in a grievance; and Plaintiff failed to file a grievance relating to Count 6. Plaintiff filed a Response (Doc. 112) arguing his administrative remedies were not available to him because the Grievance Officer failed to respond to his November 13, 2016 grievance.

The Court reviews the following relevant grievance contained in the record.

**November 13, 2016:** Plaintiff filed an eight-page grievance setting forth complaints regarding his cell placement and treatment while on hunger strike (Doc. 102-1 at 144-151). Plaintiff stated that he would not name the names of the individuals involved in his complaints for fear of reprisal. The grievance sets forth complaints regarding cell placement, cell conditions, and the conduct of correctional and healthcare staff during his hunger strike and suicide watch. The grievance mentions at least nine unidentified correctional officers, six unidentified nurses, and at least four unidentified mental health professionals.

On December 8, 2016, the Counselor responded to Plaintiff's grievance stating that the claims could not be substantiated due to Plaintiff's failure to provide names (Doc. 102-1 at 119).

On June 16, 2017, the Counselor wrote to Plaintiff in response to a letter Plaintiff had sent to the Director's office raising concerns over the lack of response to his grievances dated 11-11-16 and 11-13-16 (Doc. 102-1 at 121). The Counselor spoke to the Grievance Officer and was informed there was no record that such grievances were ever received by the Grievance Officer.

On August 2, 2017, the ARB received an appeal (Doc. 102-1 at 144-158). Attached to the documents sent to the ARB was a letter from Plaintiff dated March 3, 2017, addressed to Grievance Officer Flatt inquiring about the status of his November 13, 2016 grievance, a letter dated June 21,

2017, to Mr. Hoch stating he had submitted an appeal to Grievance Officer Flatt many months ago and had not received a response, and a letter dated June 22, 2017, to Director Baldwin regarding the lack of response to his November 13, 2016 grievance (Id. at 154-158). Also attached to the November 13, 2016 grievance was an undated "Appendix" (Id. at 152-153). The Appendix identifies the first or last name of four John Does, two Jane Doe nurses, and two Jane Doe mental health professionals. Relevant to this motion, Plaintiff identified the following: M.H.P Jane Doe #1: Mason (last name), M.H.P. Jane Doe #2: Saathoff (last name).

The ARB received a second appeal regarding the November 13, 2016 grievance on September 20, 2017 (Doc. 102-1 at 100). The ARB returned the grievance instructing Plaintiff to provide the Grievance Officer's response and the CAO's response.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on December 17, 2019. Plaintiff testified he filed the eight-page grievance, along with the two-page "Appendix," on November 13, 2016. Plaintiff stated he did not initially include names of individuals in the grievance because he feared retaliation. Plaintiff testified he then attached the "Appendix" to provide a few names of individuals he thought would possibly not retaliate. Plaintiff testified he received a response from Counselor Wheelan on December 8, 2016, stating he could not substantiate a claim because Plaintiff failed to identify any individuals.

Plaintiff testified after receiving the Counselor's response, on December 15, 2016, he folded it, addressed it to the Grievance Office, and placed it in institutional mailbox on his gallery to be sent to Officer Flatt. Plaintiff testified he waited for a response from Officer Flatt for several months, but never received a response. Officer Flatt testified that if he had received a copy of a grievance appeal, he would have date-stamped it the date it was received, responded to it in the

order it was received, and retained a copy in the offender's grievance file. There is no evidence in the record that Plaintiff's grievance was received by the Grievance Office. Plaintiff's Cumulative Counseling Summary indicates Plaintiff met with Counselor Wheelan on January 31, 2017, and Plaintiff reported all of his issues were addressed at the current time. Plaintiff testified he would not have informed his counselor of the lack of response from the Grievance Officer because he had already taken the issue to the second level.

Plaintiff acknowledged during the hearing the names of Defendants Barron, Hill, Loos, Anderton, and Wright are not named anywhere in the grievance, or the Appendix. Plaintiff testified, however, the conduct of these Defendants was complained of within the grievance. Plaintiff further testified he did identify Defendants Mason and Saathoff in the Appendix he attached to the grievance.

**LEGAL STANDARD**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at

248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* §_504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its

findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## CONCLUSIONS OF LAW

### Count 6

As an initial matter, Plaintiff provided no evidence or argument that he exhausted his administrative remedies as to his claim in Count 6. The November 13, 2016 grievance states that Plaintiff is grieving events which occurred between October 28, 2016 through November 5, 2016, while he was under crisis watch. The grievance does not address events which may have occurred after Plaintiff was released from crisis watch, which is the basis of Count 6. Defendants are entitled to summary judgment for failure to exhaust as to Plaintiff's claims in Count 6.

### Counts 1 and 5

Plaintiff's testimony regarding the filing of his November 13, 2016 grievance and the attached "Appendix" lacks credibility. Plaintiff testified he filed the Appendix identifying certain

individuals at the same time he filed the initial eight-page grievance with his Counselor. The content of the Appendix, however, states, "The Counselor did not do his job [an] investigate, nor did he even try to look into any logs or records to the perpetrators I am afraid to identify by name." It is clear from Plaintiff's statements in the Appendix that it was filed some time after he filed the original grievance with his Counselor as it includes complaints of how the Counselor responded to the grievance. The Court, therefore, will review the content of Plaintiff's initial eight-page grievance filed on November 13, 2016.

Plaintiff's eight-page grievance submitted to the Counselor failed to name or identify Defendants Barron, Hill, Loos, Anderton, Mason, Saathoff, or Wright. Plaintiff stated in the grievance that he purposely did not include names in the grievance because he feared retaliation. At the hearing, Plaintiff testified he did not provide names because he did not know the names of all of the John/Jane Does, and because of potential retaliation. The regulations allow an offender to provide a detailed description if names are unknown. The purpose of the exhaustion requirement is to provide IDOC an opportunity to address Plaintiff's complaints, prior to filing a lawsuit. Plaintiff's unwillingness to name or sufficiently describe the persons who were the subject of his grievance deprived IDOC of the opportunity to address the alleged misconduct and does not serve to properly exhaust his administrative remedies.

Additionally, the Court finds Plaintiff failed to properly appeal the grievance. Plaintiff's testimony regarding filing an appeal with Grievance Officer Flatt lacks credibility. There is no evidence in the record Plaintiff submitted an appeal to the grievance office; Plaintiff's Cumulative Counseling Summary indicates he reported having no issues during the timeframe he alleges he was awaiting a response; and the first evidence of Plaintiff following up on an appeal is not until

March 3, 2017. Plaintiff's appeal to the ARB without first appealing the grievance at the facility level does not serve to properly exhaust his administrative remedies. Defendants are entitled to summary judgment for failure to exhaust as to Counts 1 and 5.

Based on the foregoing, the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants (Doc. 101) is **GRANTED**, Plaintiff's claims against Defendants Barron, Hill, Loos, Anderton, Mason, Saathoff, and Wright are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:** December 17, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**