IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O' QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2013- RJD |
| | ) |
| JACQUELINE LASHBROOK, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 124) of the Court's Order granting summary judgment in favor of Defendants Anderton, Barron, Hill, Loos, Mason, Saathoof, and Wright for Plaintiff's failure to exhaust his administrative remedies (Doc. 116).[1] Defendants filed a Response (Doc. 125). As explained further, Plaintiff's Motion is **DENIED**.

**Background**

Plaintiff is an inmate in the custody of the Illinois Department of Corrections. He filed this lawsuit pursuant to 42 USC §1983, alleging Defendants were deliberately indifferent to his serious medical needs during a suicide watch and hunger strike at Pinckneyville Correctional Center. After settling with some of the Defendants, Plaintiff proceeded on the following claims:

Count 1: Eighth Amendment claim against Nurse Anderton, Mrs. Mason, Amber Saathoff, Wanda Hill, and Rose Loos regarding Plaintiff's

---

[1] The instant motion (Doc. 124) was filed as a Motion to Reconsider the Clerk's Entry of Judgment. Upon review of Plaintiff's Motion, it appears he intended for the Court to reconsider the Order granting summary judgment and not the Clerk's Entry of Judgment. Defendants' Response to Plaintiff's Motion to Reconsider also assumed the Motion was directed to the Order granting summary judgment.

|  |  |
|---|---|
|  | conditions of confinement while on suicide watch. |
| Count 5: | Eighth Amendment claim against Laura Barron, Nurse Alyssa Wright, Mrs. Mason, Amber Saathoff, Wanda Hill, and Rose Loos for deliberate indifference to Plaintiff's serious medical needs during his hunger strike; |
| Count 6: | Eighth Amendment claim against Amber Saathoff, Wanda Hill, Mrs. Mason, and Rose Loos for deliberate indifference to Plaintiff's serious medical needs following his suicide watch. |

Defendants filed a Motion for Summary Judgment (Doc. 101) to which Plaintiff responded (Doc. 112). After holding an evidentiary hearing on December 17, 2019, the Court entered an order granting Defendants' motion, finding that Plaintiff had not properly exhausted his administrative remedies prior to filing this lawsuit. On May 18, 2020, Plaintiff filed the instant Motion, asking the Court to reconsider its summary judgment ruling. Defendants' Response contends that Plaintiff's Motion is both untimely and fails to identify any appropriate grounds for reconsideration.

**Analysis**

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court regarding their conditions of imprisonment. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Plaintiff claims that he exhausted his administrative remedies regarding Counts One, Five and Six in a grievance dated November 13, 2016.

As a preliminary matter, the Court notes that Plaintiff's Motion to Reconsider was filed more than five months after the Court's summary judgment order was entered. When a motion to reconsider is filed more than 28 days after the order at issue, it is automatically considered a Rule

60(b) motion. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994). Federal Rule of Civil Procedure 60(b) allows an order to be reconsidered for, *inter alia*, mistakes or "any other reason justifying relief from the operation of judgment." A Rule 60(b) motion "must be made within a reasonable time" after the challenged order was entered. Fed. R. Civ. P. 60(c)(1). Plaintiff does not specify why five months is a reasonable time period, but regardless of whether Plaintiff's motion is timely, Plaintiff fails to present a convincing argument for reconsideration of the summary judgment order on Counts One, Five, and Six.

### **Counts One and Five**

A motion to reconsider is only granted in exceptional circumstances and should be denied when it simply "rehash[es] previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Motions to reconsider serve "to correct manifest errors of law or to present newly discovered evidence." *Id*. at 1269. The Court granted Defendants' summary judgment motion on Counts One and Five because (1) Plaintiff did not name or otherwise identify Defendants in the November 13, 2016 grievance; and (2) Plaintiff did not properly appeal the grievance to the Grievance Officer.

Plaintiff contends that he did submit the grievance to the Grievance Officer and in his Motion to Reconsider, he directs the Court to arguments he previously made and documents he previously submitted regarding this contention. For example, in the Motion to Reconsider, Plaintiff relies heavily on his journal and a letter he received from the John Howard Association on September 4, 2017. Plaintiff submitted the John Howard Association letter with his Response to Defendants' Motion for Summary Judgment, and his journal has been submitted with various court filings (including grievance records that were filed with Defendants' Motion for Summary Judgment). The Court did not find these documents to be credible evidence that Plaintiff properly

submitted the grievance to the Grievance Officer. There is no evidence in the record that the Grievance Officer received Plaintiff's grievance.

Moreover, Plaintiff's Motion to Reconsider makes no reference to the Court's finding that Plaintiff failed to name or identify the defendants in the grievance. The Illinois Administrative Code requires prisoners to either include the name(s) of the individual(s) who are the subject of the grievance or provide as much descriptive detail about the individual(s) as possible. 20 ILL. ADMIN. CODE § 504.810(c). Plaintiff testified and wrote in his grievance that he specifically chose not to name Defendants in his grievance for fear of retaliation. Throughout the grievance he refers to 19 different John/Jane Doe individuals and gives insufficient descriptive details about these individuals. For example, Plaintiff states in the grievance "Nurse Jane Doe #5 is another one who did not record [Plaintiff's hunger strike] nor did she check my blood-sugar" (Doc 102-1, p. 148). No more information is given to identify Nurse Jane Doe #5. In Plaintiff's Motion to Reconsider, he gives the Court no further argument or evidence regarding how his descriptions were sufficient to identify the Defendants.[2] Accordingly, the Court declines to reconsider its ruling granting Defendants summary judgment on Counts One and Five.

## Count Six

Plaintiff also moves the Court to reconsider its ruling on Count Six. In Count Six, Plaintiff alleges that Defendants Saathoff, Hill, Mason, and Loos were deliberately indifferent to Plaintiff's serious mental health needs when they refused to see him after he was released from the suicide watch on November 5, 2016. The Court found that Plaintiff's November 13, 2016 grievance did

---

[2] The Court should only consider "newly discovered" evidence on a motion to reconsider. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Plaintiff points to an Appendix that he prepared which identifies one of the defendants that he presented in Response to Defendants' Motion for Summary. As discussed in detail in the Court's order granting summary judgment, it is clear that that the Appendix was not submitted with the November 13, 2016 grievance because it addresses issues regarding how the grievance was handled.

not address the allegations in Count Six and since Plaintiff did not submit any other grievances addressing these allegations, he failed to properly exhaust his administrative remedies pertaining to Count Six. In Plaintiff's Motion to Reconsider, he directs the Court's attention to a paragraph on page eight of the November 13, 2016 grievance where he notes that he was told a mental health professional would continue to see him after he was released from suicide watch, but that never occurred.

While it appears that Plaintiff mentioned in the grievance that he received no mental health treatment following his release from suicide watch, the grievance nevertheless suffers from the deficiencies identified in the analysis for Counts One and Five. There is no credible evidence that Plaintiff sent it to the Grievance Officer, and it does not sufficiently describe the individuals who were the subjects of the grievance. Consequently, the Court is not convinced to revise its Order granting summary judgment in favor of Defendants on Count Six.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Reconsider (Doc. 124) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   July 9, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**